# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID MEYERS, | * | |
| | * | |
| v | * | Civil Action No. CCB-18-3353 |
| ACTING COMMISSIONER NANCY | * | |
| BERRYHILL, | | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | | |
| U.S. MAGISTRATE JUDGE | * | |
| STEPHANIE GALLAGHER, | | |
| U.S. DISTRICT JUDGE | * | |
| ELLEN HOLLANDER, | | |
| CLERK OF COURT FELICIA CANNON, | * | |
| DEPUTY CLERKS | | |
| | * | |

***

## MEMORANDUM OPINION

This is self-represented litigant David Meyers's third action in this court challenging the denial of his Social Security Benefits. *See Meyers v. Commissioner, Social Security Administration,* Civil Case No. ELH-18-00129 (D. Md. 2018); *Meyers v. U.S. District Court, Baltimore Division, et al.,* ELH-18-2918 (D. Md. 2018). Meyers, who is an inmate at Red Onion State Prison in Virginia, filed this case on October 22, 2018 on a preprinted form on which he indicates the case is filed pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). He later filed a "Motion to Amend Error" indicating his intention to file this action pursuant to 42 U.S.C. §1983.[1] (ECF Nos. 1, 5.) Recognizing that Meyers is a self-represented plaintiff, the court will grant the motion as a request to construe his claims under *Bivens v. Six Unknown Fed. Agents,* 403 U.S. 388 (1971) (establishing a cause of action against federal officials for the violation of

---

[1] In filing this case, Meyers seems to intend to pursue a hybrid action for damages for alleged civil rights violations and mandamus relief.

federal constitutional rights).[2] Additionally, Meyers has filed a Motion for Appointment of Counsel (ECF No. 3) and a Motion for Injunctive Relief (ECF No. 4).

Meyers filed this Complaint with a Motion for Leave to Proceed in Forma Pauperis. (ECF No. 2.) The in forma pauperis statute limits the ability of prisoners to file civil actions without prepayment of filing fees. *McLean v. United States*, 566 F.3d 391, 393 (4th Cir. 2009). The statute contains a "three strikes" rule, codified at 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, "[w]hen a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the Act's 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees." *McLean*, 566 F.3d at 393–94 (citing 28 U.S.C. § 1915(g)).

The court takes notice that Meyers has received three or more strikes. *See Meyers v. United States District Court*, No. 2:07-cv-00363 (E.D. Va. Nov. 1, 2007); *Meyers v. City of Petersburg*, No. 2:03-cv-00248 (E.D. Va. Apr. 11, 2003); *Meyers v. Bass*, No. 2:95-cv-00774 (E.D. Va. Aug. 15, 1995). *See also Meyers v. Virginia State Bar*, No. 08-6849 (4th Cir. July 10, 2008) (unpublished) (finding that the three listed dismissals are strikes under § 1915(g) and

---

[2] To state a claim under 42 U.S. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48.(1988). Federal officials cannot be sued under § 1983, because they do not act under color of state law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 & n.30 (1982). A *Bivens* claim is the federal analogue to a claim brought against state officials under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). Therefore, case law that applies to §1983 claims may also apply to claims presented pursuant to *Bivens. Matthews v. Sullivan*, 2014 WL 2206853 at * 3 n.3 (D. Md. May 23, 2014) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994) (applying § 1983 law in *Bivens* action)).

denying Meyers's motion to proceed without prepayment of appeal fees on that ground). Meyers may proceed in this case only if he pays the $400 civil filing fee or shows he is in imminent danger of serious physical injury.[3] Permitting Meyers to pay the filing fee or otherwise amend his filings, however, would only delay resolution of this case. For reasons below, this case will be dismissed with prejudice for failure to state a claim.

## BACKGROUND

On January 12, 2018, Meyers, who is incarcerated at Red Onion State Prison in Virginia, filed an action pursuant to sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g); § 1383(c)(3), for review of a final decision of the Commissioner of the Social Security Administration ("the Commissioner") which denied his application for Supplemental Security Income ("SSI") payments. Judge Ellen L. Hollander referred the matter to Magistrate Judge Stephanie Gallagher for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b). Magistrate Judge Gallagher issued a Report and Recommendations on September 11, 2018, to which Meyers filed objections. *See Meyers v. Commissioner, Social Security Administration,* Civil Case No. ELH-18-00129 (D. Md. 2018).

On October 17, 2018, Judge Hollander adopted Magistrate Judge Stephanie Gallagher's Report and Recommendations and affirmed the Social Security Administration's (SSA) denial of Meyers's claim for benefits, after conducting a *de novo* review of those portions of the Report and Recommendations to which objections had been made. Judge Hollander concluded that the objections lacked merit and concurred with Judge Gallagher's assessment that this court lacked jurisdiction to consider Meyers's claims. *Id.* at 1.

---

[3] This court does not have jurisdiction to consider Meyers's claims in his Motion for Injunctive Relief and Motion to Amend concerning his current prison housing assignments and mental health care at Red Onion State Prison. He may pursue these concerns through the prison administrative remedy process and through the appropriate courts.

On October 30, 2018, Meyers appealed this decision to the United States Court of Appeals for the Fourth Circuit. *Meyers v. Commissioner of Social Security Administration*, CA4 No. 18-2312.

In his second related case, *Meyers v. U.S. District Court, Baltimore Division*, et al., ELH-18-2918 (D. Md. 2018), Meyers sought mandamus relief to compel the SSA to recalculate the back payments he alleged were owed to him and requested a hearing on his "appeal" from determinations by Acting Commissioner Nancy Berryhill and Magistrate Judge Gallagher denying him SSA benefits he alleges were owed to him for a period before his incarceration. Judge Hollander denied the petition for mandamus relief on October 9, 2018. On October 30, 2018, Meyers appealed this decision to the United States Court of Appeals for the Fourth Circuit. *Meyers v. U.S. District Court, Baltimore Division*, et al., ELH-18-2918 (D. Md. 2018), ECF No. 5.

## DISCUSSION

Meyers claims: 1) the Commissioner discriminated against him and denied him due process by denying him benefits in January 1997 without providing him a disability hearing or mental health examination; 2) the Commissioner and Secretary of the Department of Health and Human Services improperly denied his benefits for the period between 1997 and 2011; and 3) Felicia Cannon, the Clerk of Court, filed his complaint as a writ of mandamus; "which Judge Ellen Hollander and Judge Stephanie Gallagher dismissed with fraud upon the court." (ECF No. 1 at 1.) As relief he requests back payments of his benefits, $500,000 damages for mental anguish and denial of mental health services, $2,000,000 for compensatory damages, and for the court to compel a mental health evaluation. (*Id.*)

4

Meyers's first two claims reprise those he presented in *Meyers v. Commissioner, Social Security Administration,* Civil Case No. ELH-18-0129. In that case, Meyers alleged that his constitutional right to due process was violated when the Administrative Law Judge failed to reopen the prior Title XVI[4] application he filed on January 3, 1997. Meyers had alleged a violation of his "federal constitutional privilege right to subpoena duces tecum of records from his 1997 filing" because he was not given a disability investigation or allowed to appeal. *Id.* at ECF Nos. 25, 26.

The court found that it lacked jurisdiction to consider this argument. Further, the court determined that even if this argument were construed liberally to constitute a constitutional due process argument, an agency's decision not to reopen a prior, final benefits decision is discretionary and does not constitute a final decision of the Secretary that is subject to judicial review. *Califano v. Sanders,* 430 U.S. 99, 107-09 (1977). Although the court found ample support in the record that Meyers has suffered various mental health conditions since 2005, there was no evidence that he was incompetent when he filed for SSI. *Meyers v. Commissioner, Social Security Administration,* Civil Case No. ELH-18-0129, ECF No. 27 at 5. Absent evidence indicating that Meyers was incompetent at the time he filed his 1997 benefits claim, the court concluded that it had no jurisdiction to review the ALJ's finding because it was not a final decision subject to judicial review nor did it fall within the constitutional exception. *Id.* Meyers's summary claims provide no basis for this court to reconsider his due process claim, nor is a §1983 action the appropriate legal avenue for reconsideration of the prior judge's decision.[5]

---

[4] Social Security Disability Title XVI Benefits, also known as Supplemental Security Income (SSI), include benefit payments made to the blind, the elderly, and completely disabled individuals who have a demonstrated financial need. 42 U.S.C. §§1381 *et seq.*

[5] Meyers has not alleged facts to support his claim that the defendants in fact were biased against him. Nor do their actions suggest they acted with discriminatory animus.

## I.      Claims Against the Secretary and Acting Commissioner

Liability in a *Bivens* action is premised on each defendant's personal conduct in carrying out constitutional violations. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). A *Bivens* action may not be based on the theory of *respondeat superior*.[6] *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Danser v. Stansberry*, 772 F.3d 340, 349 (4th Cir. 2014) ("[G]overnment officials cannot be held liable in a *Bivens* case under a theory of respondeat superior for the actions of their subordinates."). Each government official is liable for only his or her own misconduct. *Ashcroft*, 556 U.S. at 677; *Trulock*, 275 F.3d at 402.

Meyers's conclusory allegations allege no personal involvement by either defendant to predicate liability under *Bivens*.[7] To the extent Meyers seeks injunctive relief, the remedy in a *Bivens* action is money damages. *See Bivens*, 403 U.S. at 395-97; *see also Hall v. Clinton*, 235 F.3d 202, 204 (4th Cir. 2000) ("A *Bivens* action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors."). Accordingly, Meyers fails to state a claim against these defendants.

---

[6] Respondeat superior provides that an employer is liable in certain cases for the wrongful acts of his employee, and a principal for those of his agent. *See Blacks Law Dictionary* (8th ed. 2004).

[7] To the extent Meyers initially brought this action under 28 U.S.C. §1331, the Social Security Act precludes actions against the United States, Commissioner of Social Security or any officer or employee to recover on any claim arising under [the Act]. 42 U.S.C. § 405(h) ("No action against the United States, the Secretary, or any officer or employee thereof shall be brought under sections 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."). This includes Federal Tort Claims Act claims arising out of the denial of disability benefits. *Jarrett v. United States*, 874 F.2d 201, 205 (4th Cir.1989) ("Surely, if in creating the continuing disability review program Congress did not include the right to seek monetary damages because of unconstitutional conduct, Congress also did not intend to allow a claim under the Federal Tort Claims Act for 'improper and wrongful' discontinuance of benefits.").

## II.    Claims against Judge Hollander and Magistrate Judge Gallagher

Meyers's claims against Judge Hollander and Magistrate Judge Gallagher are not only unsubstantiated, but they are barred by the doctrine of judicial immunity. Judges enjoy absolute immunity from liability in damages for their judicial or adjudicatory acts. *Forrester v. White*, 484 U.S. 219, 225-26 (1988); *Imbler v. Pachtman*, 424 U.S. 409, 419 (1976). Judicial immunity is an absolute defense, not merely to liability or damages, but to suit under 42 U.S.C. § 1983. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Only two exceptions apply to judicial immunity: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citations omitted). Meyers's attack on Judge Hollander's and Magistrate Judge Gallagher's decisions falls squarely within the purview of their judicial functions.    Thus, Judges Hollander and Gallagher are entitled to absolute immunity.

## III.    Claims Against Felicia Cannon, Clerk of Court

Meyers next faults Felicia Cannon, Clerk of Court, for filing his complaint as a writ of mandamus. Although the caption of his filing lists Deputy Clerks as defendants, Meyers asserts no claims against these unnamed individuals.

> Absolute quasi-judicial immunity extends to non-judicial officers "performing tasks so integral or intertwined with the judicial process that those persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). The basis for affording non-judicial officials absolute immunity is to avoid the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly [would] vent their wrath on clerks, court reporters, and other judicial adjuncts." *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (alteration in original) (quoting *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989)). Courts have therefore extended absolute immunity to protect, among others, clerks of court, law enforcement officers, and others who enforce court orders. *See, e.g., Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (holding the clerk of court to be absolutely immune for issuing an erroneous warrant

pursuant to the court's order); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238-39 (7th Cir. 1986) ("[Police officers, sheriffs, and other court officers who act in reliance on a facially valid court order are entitled to quasi-judicial immunity from suit.").

*Okere v. High*, 2016 WL 7405434, at *2 (D. Md. Dec. 22, 2016) (citing *Kendrick v. Cavanaugh*, 2011 WL 2837910, at *4 (D. Md. July 14, 2011)); *see also Horowitz v. Mason*, 2016 WL 1536321, at *5 (D. Md. Apr. 15, 2016).

Meyers's claim against the Clerk of Court and Deputy Clerks is based on their filing and docketing of legal papers, a task integral to the judicial process. Thus, this claim is barred by the doctrine of quasi-judicial immunity. Meyers's claim is also factually incorrect. His first case was docketed as an appeal of the administrative denial of his claim for Social Security benefits. Meyers captioned his initial filing in his second case as a Petition for Writ of Mandamus.

Lastly, to the extent Meyers is requesting mandamus relief in the present action, he may obtain such relief only if he has a clear right to the relief sought and there is no other available remedy. *In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001); *In re First Fed. Sav. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir. 1988). For a writ of mandamus to issue against federal officials a petitioner must show that he has the clear and indisputable legal right to the relief sought; the official has a legal duty to do the particular act requested; the act requested is an official act or duty; there are no other adequate means to attain the relief he seeks; and the issuance of the writ will effect right and justice in the circumstances. *Kerr v. United States Dist. Court*, 426 U.S. 394, 403 (1976). Meyers does not address or satisfy these requisites. There are no grounds to award mandamus relief.

## IV. Motion for Injunctive Relief

In light of the above, Meyers's Motion for Injunctive Relief provides no grounds to order back payment of benefits or rehearing of his claims by the SSA as he requests. (ECF No. 4.) *See*

*Winter v. Natural Res. Def. Council,* Inc., 555 U.S. 7, 20 (2008); *Di Biase v. SPX Corp.,* 872 F.3d 224, 229-30 (4th Cir. 2017) (requiring a party seeking a preliminary injunction to establish (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest). This motion will be denied.

## V.    Motion for Appointment of Counsel

There is no absolute right to counsel in civil litigation. In the civil context, a district court need only ensure that a party's rights under the Due Process clause of the Fourteenth Amendment are not infringed. It is within this court's discretion to make the determination whether counsel should be appointed on a case-by-case basis. 28 U.S.C. § 1915(e)(1). Although Meyers states that he suffers from mental illness, he has demonstrated the ability to articulate his main arguments in this and previous cases in this court. This motion does not provide grounds to warrant appointment and will be denied.

## CONCLUSION

For these reasons, the court will dismiss this case with prejudice by separate order to follow.

_____11/14/18_____
Date

_____
Catherine C. Blake
United States District Judge

9